**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* PRESCOTT LOVERN<br><br>-and-<br><br>PRESCOTT LOVERN,<br><br>       Plaintiffs,<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; DEUTSCHE BANK TRUST COMPANY AMERICAS; MERRILL LYNCH CREDIT PRODUCTS, LLC; MERRILL LYNCH L.P. HOLDINGS INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; ZURICH AMERICAN INSURANCE COMPANY; THERMO NO. 1 BE-01, LLC; INTERMOUNTAIN RENEWABLE POWER, LLC; and RASER TECHNOLOGIES, INC.,<br><br>       Defendants. | No. 1:12-cv-00704-EGS |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY MERRILL LYNCH L.P. HOLDINGS INC. FOR INSUFFICIENT SERVICE OF PROCESS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) and 41(b)**

Defendant Merrill Lynch L.P. Holdings Inc., by and through counsel, hereby appears specially for the limited purpose of moving to dismiss the Complaint for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5) and 41(b).

The Complaint in this action was unsealed on September 7, 2012, and names Merrill Lynch L.P. Holdings Inc., a corporation based in Delaware with its principal place of business in New York, New York, as a defendant. Rule 4(m) of the Federal Rules of Civil Procedure requires plaintiffs to serve a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Because this case was under seal, Relator was required to serve Merrill Lynch L.P.

1

Holdings Inc. within 120 days of September 7, 2012, or by January 4, 2013.  As of this date, Merrill Lynch L.P. Holdings Inc. has yet to be served.

Because Relator has failed to properly serve Merrill Lynch L.P. Holdings Inc. within the time limit required by the federal rules, the Complaint should be dismissed against Merrill Lynch L.P. Holdings Inc., pursuant to Rules 12(b)(5) and (41)(b).  *See U.S. ex rel. Cody v. Computer Scis. Corp.*, 246 F.R.D. 22, 27-28 (D.D.C. 2007) (granting motion to dismiss under Rule 12(b)(5) where plaintiff failed to effect proper service upon defendant within 120 day time frame and provided no good cause for the delay); *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 4 (D.D.C. 2004) (granting motion to dismiss for insufficient service of process where plaintiff failed to serve defendant within 120 days after filing the complaint).[1]

Dated:  January 28, 2013             Respectfully submitted,

                                      /s/ Jonathan G. Cedarbaum
                                     _____
                                     Jonathan G. Cedarbaum (D.C. Bar No. 483768)
                                     Jennifer M. O'Connor (D.C. Bar No. 460352)
                                     Laura M. Hussain (D.C. Bar No. 988151)
                                     WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                     1875 Pennsylvania Avenue, N.W.
                                     Washington, D.C. 20006
                                     Tel.: (202) 663-6000
                                     Fax: (202) 663-6363
                                     jonathan.cedarbaum@wilmerhale.com

---

[1] Because Merrill Lynch L.P. Holdings Inc. has not been properly served and is appearing specially for the purpose of moving to dismiss the Complaint for insufficient service of process, Merrill Lynch L.P. Holdings Inc. does not hereby move to dismiss the Complaint on other grounds, and reserves the right to do so should proper service be effected in the future.  If, however, the Court's view is that defenses pursuant to Rules 12(b)(1) and 12(b)(6) must be asserted now or they are waived, then, in the alternative, Merrill Lynch L.P. Holdings Inc. joins Moving Defendants Prudential, Zurich and Merrill Lynch's Motion to Dismiss and Memorandum in Support.

*Attorneys for Defendants Merrill Lynch L.P. Holdings Inc.*